IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 16-cv-00596-RBJ

UC GIA BUI,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

---

# ORDER

---

This matter is before the Court on review of the Social Security Administration (SSA) Commissioner's decision denying claimant Uc Gia Bui's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and for Supplemental Security Income ("SSI") under Title XVI. Jurisdiction is proper under 42 U.S.C. § 405(g). For the reasons explained below, the Court AFFIRMS the Commissioner's decision.

## I.    STANDARD OF REVIEW

This appeal is based upon the administrative record and the parties' briefs. In reviewing a final decision by the Commissioner, the District Court examines the record and determines whether it contains substantial evidence to support the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996). A decision is not based on substantial evidence if it is "overwhelmed by other

evidence in the record." *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988). Substantial evidence requires "more than a scintilla, but less than a preponderance." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In addition, reversal may be appropriate if the Commissioner applies an incorrect legal standard or fails to demonstrate that the correct legal standards have been followed. *Winfrey*, 92 F.3d at 1019.

## II.   BACKGROUND

Mr. Bui was born on May 20, 1975. R. 240. He has minimal education and speaks English with some difficulty. *Id.* In the last fifteen years Mr. Bui has worked in production assembly, in retail sales, as a materials handler, and as a waiter in a Vietnamese restaurant. R. 191, 240. Since his alleged disability onset date of March 20, 2013, however, Mr. Bui has not held substantial gainful employment. R. 12.

Mr. Bui suffers from blindness and pain in his right eye as a result of an accident when he was seven years old. R. 240–41. He received a prosthetic eye once he immigrated to the United States. *Id.* Mr. Bui alleges the condition of his right eye affects his depth perception, ability to concentrate, read, or perform detailed work. *Id.* He also alleges he is incapable of maintaining the pace required for even simple work because of the pain. *Id.*

### A. Procedural History

On May 16, 2013, Mr. Bui filed for DIB and SSI, alleging disability beginning on March 20, 2013. R. 144–58. His claims were initially denied on October 22, 2013. R. 56–59. Mr. Bui requested a hearing on November 1, 2013. R. 60–62. The hearing was held before Administrative Law Judge ("ALJ") Marsha R. Stroup on September 26, 2014. R. 24. The ALJ

denied Mr. Bui's application on November 17, 2014. R. 7–19. Mr. Bui then filed a request for review with the Appeals Council on November 28, 2014. R. 6. His request was denied on January 13, 2016. R. 1–3. Mr. Bui then filed his case in this court on March 11, 2016. ECF No. 1.

### B. The ALJ's Decision

The ALJ issued an unfavorable decision after evaluating the evidence according to the SSA's standard five-step process. R. 10–19. First, the ALJ found that Mr. Bui has not engaged in substantial gainful activity since his alleged onset date of March 20, 2013. R. 12. At step two, the ALJ found that Mr. Bui had the severe impairments of "blindness in the right eye, entropion of the right eyelid, suspect glaucoma of the left eye, and left eye myopia with astigmatism." *Id*. At step three, the ALJ concluded that Mr. Bui did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 13.

The ALJ then found that Mr. Bui retained the residual functional capacity ("RFC") to perform "medium work" as defined in 20 C.F.R. § 404.1567(c) and § 416.967(c) with the following limitations:

> [T]he claimant can perform unskilled work without English requirements on the job. The claimant cannot perform work with very small parts due to no vision in his right eye which affects his depth perception. The claimant cannot work around hazards, around dusts, or other flying debris at a factory and must work in a fairly clean work area.

R. 13.

At step four, the ALJ concluded Mr. Bui is capable of performing his past relevant work in production assembly because Mr. Bui would not be required to perform any work-related

activities precluded by his RFC.  R. 16.  Finally, at step five, the ALJ determined that there were other jobs in the national economy that Mr. Bui could perform, such as housekeeper cleaner, kitchen helper, and warehouse worker.  R. 17–18.  Accordingly, the ALJ found that Mr. Bui was not disabled.  R. 18.

## III.   ANALYSIS

Mr. Bui contends that: (1) the ALJ applied an incorrect legal standard in evaluating Mr. Bui's subjective complaints; (2) substantial evidence does not support the ALJ's assessment of Mr. Bui's credibility; (3) the ALJ erred in her consideration of the vocational expert's testimony; and (4) the ALJ's finding that Mr. Bui could perform gainful employment is not supported by substantial evidence.  ECF No. 19 at 6, 7–8; ECF No. 21 at 2–4.  Finding none of these arguments persuasive, I affirm the ALJ's decision.  I discuss each argument in turn.

### A. The ALJ applied the correct legal standard in evaluating Mr. Bui's subjective complaints.

Mr. Bui first argues that the ALJ erred because she did not apply the framework set forth in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987) in evaluating Mr. Bui's subjective complaints. The Tenth Circuit in *Luna* outlined a framework for evaluating disability claims based on pain. *Id*.  However, I find that the ALJ did not err because she applied the two-step process under Social Security Ruling (SSR) 96-7p, 1996 WL 37418 (July 2, 1996), which is consistent with the framework set forth in *Luna*.

The ALJ first considered "whether there is an underlying medically determinable physical or mental impairment . . . that could reasonably be expected to produce the individual's pain or other symptoms."  R. 13; SSR 96–7p, 1996 WL 37418, at *2.  She determined that, based on objective medical evidence in the record, Mr. Bui had a medically determinable impairment

4

that could reasonably be expected to cause his alleged symptoms. R. 15. This is consistent with the requirement under *Luna* that "a pain-producing impairment . . . must be proven by objective medical evidence before an agency decision maker can find a claimant disabled by pain." *See Luna*, 834 F.2d at 163.

Second, the ALJ evaluated "the intensity, persistence, and limiting effects" of Mr. Bui's alleged symptoms to determine their limiting effect on Mr. Bui's ability to work. R. 13; SSR 96–7p, 1996 WL 37418, at *2. If the individual's alleged symptoms are not supported by objective medical evidence the ALJ must consider the entire record and make finding as to the credibility of the alleged symptoms. *Id*., *Luna*, 834 F.2d at 165 ("The decision maker must consider all the evidence presented that could reasonably produce the pain alleged once a claimant demonstrates a pain-causing impairment."). Here, the ALJ found that the objective medical evidence did not support Mr. Bui's alleged disabling symptoms. R. 14. The ALJ then considered the credibility of Mr. Bui's testimony concerning his disabling symptoms based on the entire case record. R. 15. Relying on Mr. Bui's continued engagement in "a somewhat normal level of daily activity and interaction," the ALJ found that Mr. Bui's statements concerning his alleged disabling symptoms were not credible. R. 15. Because the ALJ correctly conducted the analysis under SSR 96–7p and *Luna*, the Court finds that she applied the correct legal standard to Mr. Bui's claim.

**B. There is substantial evidence to support the ALJ's credibility assessment.**

Next, Mr. Bui takes issue with the ALJ's determination that his credibility regarding the disabling effects of his alleged symptoms was lacking. R. 7–8. He argues that the ALJ erred because her credibility assessment is not supported by substantial evidence in the record. R. 8.

In particular, Mr. Bui contends that the ALJ failed to consider his history of steady work, despite medical impairments. R. 8.

Although the ALJ's decision did not address Mr. Bui's long history of steady work, prior work history is only one of the factors the ALJ considers in her credibility assessment. *See* 20 C.F.R. § 404.1529(c)(3). Importantly, in making a credibility assessment, the ALJ need not individually recite each factor laid out in 20 C.F.R. § 404.1529(c), but must provide the specific evidence on which she relies. *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000); *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988) (a credibility assessment "should be closely and affirmatively linked to substantial evidence"); *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990) (a credibility assessment is "peculiarly the province of the finder of fact").

Here, I find that the ALJ properly provided the specific evidence she relied on in making this determination, and that substantial evidence in the record supports her decision. Noting that the objective medical evidence was sparse, the ALJ first determined Mr. Bui was diagnosed with "blindness in his right eye, entropion of the right eyelid, suspect glaucoma of the left eye, and left eye myopia with astigmatism." R. 15. The ALJ then considered all the evidence in the record and found that Mr. Bui continues to engage in "a somewhat normal level of daily activity and interaction." *Id*. For instance, Mr. Bui reported that he is capable of driving even though driving is not a typical activity for someone with disabling vision impairments. R. 15, 30, 219. Additionally, Mr. Bui reported preparing light meals, ironing, grocery shopping, attending church, and using the computer. R. 31, 217–19. As the ALJ noted, these activities require some of the same abilities individuals use to perform work-activities. R. 15. Thus, she found that Mr.

Bui's ability to engage in these activities diminished the credibility of his alleged disabling symptoms. *Id*. Substantial evidence supports that finding.

### C. The ALJ did not err in considering the vocational expert's testimony.

Next, Mr. Bui alleges the ALJ erred by ignoring two statements by the vocational expert ("VE"). R. 8–9. First, Mr. Bui argues the ALJ ignored the VE's testimony concerning his lack of employability should he need to take a 10–15 minute break every hour. ECF No. 19 at 9; R. 40. Second, Mr. Bui alleges the ALJ ignored the VE's answer to a hypothetical question from his attorney concerning whether Mr. Bui would be employable if he could not properly complete the production assembly. ECF No. 19 at 9; R. 41–42.

The ALJ, however, was not required to accept the VE's answer to a hypothetical question that included limitations she did not find evidence to support. *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995); *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990). The ALJ found Mr. Bui's RFC allowed him to perform medium work, so long as he did not work with small parts. R. 13. Thus, because she did not find Mr. Bui's abilities were limited to a 10–15 minute break every hour, she was not required to accept the VE's answer to the hypothetical question concerning that limitation. *See Bean*, 77 F.3d at 1214. Additionally, because the ALJ found Mr. Bui's RFC only restricted his ability to work with small parts and that his prior production assembly work involved assembling windows, see R. 39, 204, she was not required to accept the VE's testimony regarding Mr. Bui's hypothetical inability to complete production. *See Bean*, 77 F.3d at 1214. Therefore, I find the ALJ did not err in her consideration of the VE's testimony.

### D. Mr. Bui waived his claim challenging the ALJ's decision that he is capable of performing past relevant work or other gainful employment.

Finally, Mr. Bui alleges that the ALJ's finding that he could perform past relevant work in production assembly or other gainful employment is not supported by substantial evidence. ECF No. 21 at 2–4. Mr. Bui, however, asserts this argument for the first time in his reply brief. *Id*. This Court does not ordinarily review issues raised for the first time in a reply brief. *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000); *Sadeghi v. I.N.S.*, 40 F.3d 1139, 1143 (10th Cir. 1994). The concept of fairness is the basis of this general rule—fairness to both defendant and this Court, which would benefit from a response to the new argument. *Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1278 (10th Cir. 1994). There are some exceptions, see *Headrick*, 24 F.3d at 1278, but I find none is applicable here. Thus, I find that plaintiff has waived this argument.[1]

### ORDER

For the reasons described above, the Court AFFIRMS the Commissioner's decision denying claimant Uc Gia Bui's application for Disability Insurance Benefits and Supplemental Security Income.

DATED this 15th day of March, 2017.

BY THE COURT:

R. Brooke Jackson
United States District Judge

---

[1] Even if this argument had been properly raised, Mr. Bui relies on limitations that the ALJ properly found had no evidentiary support. ECF No. 21 at 3–4. Mr. Bui also offers only conclusory statements regarding his inability to perform past relevant work or other gainful employment. *Id*.